823 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence E. PERKEY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 86-1653.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 4, 1987.
Decided June 25, 1987.
 
 Before RUSSELL and SPROUSE, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 James A. Dodrill, Dodrill & Chiles, on brief, for appellant.
 Anita D. Eve, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services; Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant Regional Counsel; David A. Faber, United States Attorney; Gary E. Pullin, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 This case is on appeal from the United States District Court for the Southern District of West Virginia, where summary judgment was granted in favor of Defendant Secretary of Health and Human Services. The case was before that court on cross-motions for summary judgment, which were filed following the denial of Plaintiff's claim for disability benefits under the Social Security Act. 42 U.S.C. Sec. 301, et seq. An Administrative Law Judge had denied benefits on March 26, 1985, and the Appeals Council declined Plaintiff's request for review. Plaintiff thereafter filed a civil action in federal court in West Virginia, and on June 19, 1986, the Secretary's Motion for Summary Judgment was granted.
 
 
 2
 The only real issue upon which Plaintiff/Appellant has focused is that of whether the proper mechanism for disposing of appeals from social security decisions made administratively is that of summary judgment motions in the district court. Appellant has argued that his case was not amenable to summary judgment because there were genuine issues of material fact, which issues would mandate a trial of this case. The Secretary/Appellee, however, has countered Appellant's argument by pointing out that Appellant has ignored the provisions of 42 U.S.C. Sec. 405(g), which delineate the scope of judicial review on such cases as the one now before this Court. In relevant part that statutory section provides that after any final decision by the Secretary, an individual may obtain review of that decision by filing a timely civil action in federal court. The section further provides that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Thus, Appellant's argument is clearly misdirected. The issue before the reviewing federal district court in such circumstances is an issue of law. It is not up to the reviewing court to assess the facts of the case, but rather its function is to discern whether the facts found by the Secretary are supported by substantial evidence. If they are, the court must affirm the Secretary's decision.
 
 
 3
 The United States District Court for the Southern District of West Virginia applied the proper standard of review pursuant to 42 U.S.C. Sec. 405(g) and its decision to uphold the administrative denial of Plaintiff's application for disability insurance benefits is, therefore, affirmed.
 
 
 4
 AFFIRMED.